**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided January 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2711

| | |
|---|---|
| FERNANDO MARTINEZ ALVAREZ, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A208-506-168 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Fernando Martinez Alvarez, a citizen of Mexico, challenges the Board of Immigration Appeals's conclusion that his due process rights were not violated at his removal hearing before an immigration judge. Martinez Alvarez maintained that the IJ erred by not advising him of his right to apply for asylum, withholding of removal, or

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. CIV. P. 34(a)(2)(C).

protection under the Convention Against Torture. But the IJ was not required to advise him of possible forms of relief, so we deny the petition for review.

Martinez Alvarez entered the United States without admission or inspection in 1991, and in 2009 was convicted of robbery in Illinois, 720 ILCS 5/18-1A, and sentenced to six months in jail.

Removal proceedings were initiated several years later, in early 2016. At that time, Martinez Alvarez, after waiving his right to counsel, admitted that he had entered the country illegally, that he had been convicted of robbery, and that robbery was a crime involving moral turpitude. The IJ found him removable. The IJ then determined that he was not eligible for any relief; in reaching this determination, the IJ confirmed with him that he was not afraid of being harmed if he returned to Mexico. Martinez Alvarez asked the IJ to grant him voluntary departure, but she explained that his crime involving moral turpitude barred him from this relief.

Martinez Alvarez appealed to the Board, asserting that the IJ did not give him a "chance to speak of my fear to return." For the first time, he elaborated that he is homosexual; that he previously had been kidnapped and tortured in Mexico because of his sexuality; that this kidnapping precipitated his flight from Mexico; and that his removal would place extreme hardship on his U.S.-citizen daughter, whose mother had died, leaving him as the sole parent.

The Board understood Martinez Alvarez's submission to argue that the IJ erred by not "advising him of his right to apply for asylum, withholding of removal, or protection under the Convention Against Torture." The Board acknowledged that IJs must inform an alien of the availability of relief when circumstances reflect his or her "apparent eligibility" for that relief, or when one expresses a fear of harm upon return. But here Martinez Alvarez had testified that he was not afraid to return to Mexico, and due process did not require an IJ to advise aliens of the availability of relief for which there was no apparent eligibility. The one year allowed for applications for asylum ran long ago, see 8 U.S.C. § 1158(a)(2)(B).

Martinez Alvarez's petition for review simply reproduces—almost verbatim— the brief that he submitted to the Board. But as the Board properly explained, the IJ had no duty to inform Martinez Alvarez of the availability of relief, given that his answers to her questions did not suggest that he might have been eligible for relief. "[U]ntil the [alien] himself or some other person puts information before the judge that makes such eligibility "apparent," this duty does not come into play." *Vahora v. Holder*, 626 F.3d 907,

920 (7th Cir. 2010) (internal quotation omitted). And even if we construe his petition to argue that the Board impermissibly ignored arguments or evidence that is favorable to him, the Board's review is limited to the record before the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("the Board will not engage in factfinding in the course of deciding appeals"). The record before the IJ did not reflect that he feared harm in Mexico or that he experienced any persecution in the past.

The petition for review is DENIED.